IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Carnell Dion McElroy,                    )
    Petitioner,                         )
                                 )
v.                                       )        1:11cv425 (CMH/TCB)
                                 )
Harold W. Clarke,                        )
    Respondent.                         )

FILED

JUN 19 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Carnell Dion McElroy, a Virginia inmate proceeding pro se, has filed a petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his

convictions following a bench trial in the Circuit Court for the City of Hampton, Virginia. On

September 27, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and

supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply.

Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's

Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of

Hampton, Virginia entered on June 19, 2008. Following a bench trial, petitioner was convicted of

four counts of robbery, four counts of abduction, three counts of breaking and entering while

armed, and eleven counts of use of a firearm while in the commission of a felony. The trial court

sentenced petitioner to 272 years in prison with 219 years suspended for a total active sentence of

53 years. Sentencing Tr. at 14-15, June 19, 2008. The per curiam opinion of the Court of

Appeals denying the petition for direct appeal reveals the following underlying facts:

> [O]n July 18, 2005, Susan Kudlicki was cleaning the front windows
> of the restaurant at which she worked when a man approached her,
> displayed a gun, and ordered her to go inside the building. He
> directed her to the store's safe and demanded money. Kudlicki
> complied with the man's requests. He then ordered her to lie on the
> floor. He tied her hands behind her back. He took her watch and
> cellular telephone and instructed her to remain on the floor for five
> minutes while he fled the scene. Kudlicki was unable to identify the
> assailant.
>
> Frank Tibia testified that appellant had been employed as a manager
> at the restaurant earlier during 2005, but was no longer employed
> there at the time of the robbery.
>
> The police tested the twine which the robber used to bind Kudlicki.
> DNA collected from the twine was linked to appellant.
>
> On August 15, 2005, Bradley Harstell, a manager at the same
> restaurant, was leaving the business when he was approached by a
> masked man. The man produced a gun and ordered Harstell back
> inside. He instructed Harstell to turn off the alarm system and open
> the safe. Harstell gave the man money from the safe. The man then
> ordered Harstell to lie on the ground, and he tied Harstell's hands
> behind his back and ordered Harstell to remain on the floor for five
> minutes. Harstell was unable to identify the robber, and no DNA
> evidence was recovered from the twine.
>
> On January 22, 2006, Harstell and Lawrence Green were leaving the
> restaurant after closing for the night. A man approached Green with
> a gun. Green called to Harstell who returned to the scene. The man
> said to Harstell, "you know we did this before and you only have
> one time to turn off the alarm." Harstell activated the alarm through
> a remote device and then complied with the gunman's orders. He
> opened the safe and surrendered cash to the robber. The man bound
> Green and Harstell with twine and fled.
>
> Officer Minns, responding to the alarm, saw the man exit the
> building and chased him. The man dropped the bag he was
> carrying. It contained money, a flashlight, and a gun. A latent
> fingerprint on the flashlight matched appellant's fingerprints. DNA
> on the flashlight and the gun was also linked to appellant.

2

> Officer Chris Munger observed appellant in a parking lot near the restaurant a short time later. Appellant's clothing was damp and dirty with grass and mud stains. Minns reported to the scene but was unable to positively identify appellant as the man he saw fleeing from the restaurant.

McElroy v. Commonwealth, R. No.1593-08-1.

Petitioner appealed his conviction to the Court of Appeals of Virginia, which denied his petition in a per curiam Order dated January 28, 2009. Id. Petitioner's request for review by a three-judge panel was likewise denied on April 29, 2009. Id. The Supreme Court of Virginia denied petitioner's request for further appeal on November 18, 2009. R. No. 091108.

On March 2, 2010, petitioner filed a state habeas corpus petition in the Circuit Court for the City of Hampton, Virginia. By Order dated July 9, 2010, the circuit court dismissed the petition. R. No. 10-460. The Supreme Court of Virginia refused petitioner's appeal of the circuit court's dismissal in an Order dated April 11, 2011. R. No. 100565.

On April 14, 2011, petitioner filed the instant federal habeas corpus petition, raising the following claims:[1]

> (1) Petitioner received a sentence that was greater than the legislature intended due to ineffective assistance of counsel.
>
> (2) Trial counsel was ineffective for failing to object to petitioner being tried on four separate counts of robbery and over twenty other related charges in a single trial.
>
> (3) Appellate counsel was ineffective for failing to "move to exclude" the August 15, 2005 robbery charge for robbing Bradley Hartsell, of which petitioner was allegedly erroneously convicted.

---

[1] For pro se prisoners a petition is deemed filed when the prisoner places it in the prison mailing system. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Petitioner states that he placed his petition in the prison mailing system on April 14, 2011. Pet. at 28, ECF No 1.

(4) Trial counsel was ineffective for failing to object to the sufficiency of the evidence regarding the charge of robbery of Lawrence Green.

(5) Trial counsel was ineffective because he allegedly ignored petitioner's instruction to raise a speedy trial objection.

(6) Trial counsel rendered ineffective assistance because he failed to object to the sufficiency of the evidence on the abduction charges.

See Fed. Pet. at ECF No. 1.

It is undisputed that petitioner raised each of the foregoing claims in his state habeas petition. See McElroy v. Johnson, No. 10-460. Accordingly, the claims are exhausted for purposes of federal habeas review.

## II. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be

4

granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This standard of reasonableness is an objective one. Id. at 410.

## IV. Merits

In each of petitioner's claims he alleges either trial or appellate counsel rendered ineffective assistance. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that

5

counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

On federal habeas review it is not the duty of the federal habeas court to determine whether defense counsel's performance fell below the Strickland standard; rather, "the pivotal question is whether the state court's application of the Strickland standard was reasonable." Harrington v. Richter, 131 S. Ct. 770, 785 (2011). Accordingly, "federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Id. at 788. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable" but instead "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

A. Claim 1:

In his first claim petitioner argues that he received a sentence that was excessive and greater than the legislature intended due to ineffective assistance of counsel. Fed. Pet. at 6-7, ECF No. 1. Specifically, petitioner argues that he was erroneously sentenced for committing burglary with a deadly weapon, which is a class two felony. Id. Petitioner asserts that the appropriate sentence should have been for breaking and entering, which is a class three felony. Petitioner admits that his trial counsel filed a motion for reconsideration to correct the sentence, which was

6

granted.  However, petitioner contends that his "53 year term of incarceration erroneously

[remained] unchanged in this matter."   Id.  Accordingly, petitioner claims counsel was

ineffective for failing to ensure that his sentence was amended.  Id.  When petitioner raised this

claim in his state habeas proceeding, the circuit court rejected it, stating:

> "[I]nsofar as this [claim] repeats petitioner's argument on direct
> appeal, it is repetitious and thus not cognizable in habeas corpus
> under the rule in Henry v. Warden, 265 Va. 246, 576 S.E.2d 495
> (2003) and Hawks v. Cox, 211 Va. 91, 175 S.E.2d 317 (1970).  To
> the extent this allegation may raise some other substantive matter
> not advanced on direct appeal, the Court dismisses it as defaulted
> under the rule in Slayton v. Parrigan.  [215 Va. 27, 205 S.E.2d 680
> (1974).]  Upon a review of the trial record the Court also concludes
> that trial counsel rendered effective assistance under the
> "performance" prong of Strickland as to this matter.

R. No. 10-460 at 3.  This decision, which was the last reasoned state court decision, is imputed to

the Supreme Court of Virginia, which refused further appeal without explanation.  See Ylst v.

Nunnemaker, 501 U.S. 797, 803 (1991).

Review of the record confirms that trial counsel rendered effective assistance under

Strickland and the state habeas court's decision was reasonable.  First, petitioner's counsel filed a

motion for reconsideration on the ground that petitioner's breaking and entering convictions

should actually have been class three felonies for breaking and entering only, as opposed to class

two felonies for burglary with a deadly weapon.  See id.; see also Mot. Hr'g. Tr., Aug. 11, 2008.

The trial court granted the motion and issued a corrected order.  Id. at 4.  Additionally, the

amended sentence did "not affect the overall sentence of the defendant," id. at 6,  because

petitioner's original total active sentence of 53 years was based solely on the eleven firearm

convictions.  Sentencing Hr'g Tr. at 14, June 19, 2008.  That is, when petitioner was erroneously

sentenced for committing burglary with a deadly weapon, the entire sentence for those convictions

was suspended. Id. at 15. Likewise, when the trial court issued the amended sentencing order,

which correctly sentenced petitioner for breaking and entering only, the entire sentence was also

suspended. Mot. Hr'g. Tr. at 6. Accordingly, petitioner's total active sentence of 53 years

remained unchanged. Based on this record, the state court's determination was not contrary to, or

an unreasonable application of law, nor was it based on an unreasonable determination of the

facts. Therefore, this Court must defer to the state court's conclusion and claim (1) must be

dismissed from this petition. Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

B. Claim 2:

In his second claim petitioner asserts that trial counsel was ineffective for failing to object

to petitioner being tried on four separate counts of robbery and over twenty other related charges

in a single trial. Fed. Pet. at 7-10. When petitioner raised this claim in his state habeas petition,

the circuit court found it without merit, explaining that petitioner discussed the possible joinder of

charges with his attorney prior to trial and agreed to have all charges heard in one trial.

Additionally, the circuit court noted that petitioner failed to show that trial counsel was

constitutionally obligated to oppose a joinder motion, or that he was prejudiced within the

meaning of Strickland by counsel's failure to have the charges tried separately. R. No. 10-460 at

2.

Review of the record establishes that petitioner's trial counsel submitted an affidavit

attesting that prior to trial he spoke with petitioner regarding the joinder of charges. Wray Aff.

Ex. 1 at 1, ECF No. 11. According to counsel's affidavit, petitioner agreed that the charges

should be tried together to ensure the presence of all witnesses. Id. The state habeas court found

8

this affidavit credible, and such a finding of fact is "presumed to be correct" on federal habeas review. 28 U.S.C. § 2254(e)(2). Accordingly, based on the record, the state court's determination was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Therefore, this Court must defer to the state court's conclusion and claim (2) must be dismissed from this petition. Williams, 529 U.S. at 412-13.

   C. Claim 3:

      In his third claim petitioner contends that appellate counsel rendered ineffective assistance because he failed to "move to exclude" the charge alleging that petitioner robbed Bradley Hartsell on August 15, 2005. According to petitioner, he was erroneously charged and convicted of this crime. Fed. Pet at 10-12. The Circuit Court for the City of Hampton dismissed this claim on two grounds when petitioner raised it in his state habeas proceeding. First, the state habeas court explained that appellate counsel has substantial discretion in determining which issues to raise on appeal and therefore is not constitutionally required to raise every colorable claim pressed upon him by his client. R. No. 10-460 (citing Jones v. Barnes, 463 U.S.745 (1983)). Second, the state habeas court noted that appellate counsel challenged the sufficiency of the evidence on all robbery counts, including the August 15, 2005 charge during petitioner's direct appeal. Thus, the state habeas court concluded that appellate counsel "acted reasonably in challenging the robbery counts relating to Bradley Hartsell, but the Court of Appeals of Virginia . . . held that the evidence was sufficient to establish petitioner's guilt." Id. Accordingly, the state habeas court held that petitioner's third claim for habeas relief failed "under both prongs of Strickland." Id.

      Initially, it must be noted that it is not entirely clear what petitioner means when he alleges counsel failed to "move to exclude" the August 15, 2005, robbery charge. However, construing

the petition liberally, as is appropriate with pro se pleadings, Bracey v. Buchanan, 55 F. Supp. 2d

416, 421 (E.D. Va. 1999), it appears petitioner intends to argue that appellate counsel failed to

appeal the charge. See Fed. Pet. at 12 ("[R]egardless of whether appellate counsel['s] failure to

appeal the robbery charge . . . [was] due to a deliberate tactical choice or merely a choice by

default, counsel's choice . . . must be classified as . . . an extraordinarily unbalanced choice,

clearly constituting ineffective assistance"). Such a claim is not sufficient to warrant habeas relief

because, as the state habeas court correctly noted, it is well-settled that appellate counsel is not

constitutionally required to raise every non-frivolous claim on appeal. Jones, 463 U.S. 745.

Moreover, review of the record confirms that appellate counsel did in fact challenge the

August 15, 2005 robbery charge. Specifically, appellate counsel argued that none of the victims

were able to identify the petitioner as the assailant and no evidence was introduced connecting the

twine used to bind Hartsell with any other twine found in the case. Pet. for Appeal at 12.

Appellate counsel also argued that it was more likely that Hartsell arranged for the crimes to be

committed by an unknown perpetrator than it was that petitioner committed the crime because

Hartsell has previously propositioned an individual by the name of Cooper to rob the restaurant at

which Hartsell worked. Id. at 13. Additionally, Hartsell had paid Cooper to steal the backpack

that was found after the third robbery. Id. However, the Court of Appeals of Virginia found the

evidence sufficient to support petitioner's conviction. See McElroy v. Commonwealth, R. No.

1593-08-1. Based on this record, the foregoing determination by the state habeas court was not

contrary to, or an unreasonable application of law, nor was it based on an unreasonable

determination of the facts. Therefore, this Court must defer to the state court's conclusion and

claim (3) must be dismissed from this petition. Williams v. Taylor, 529 U.S. at 412-13.

10

D. Claim 4:

In his fourth claim, petitioner asserts he received ineffective assistance because trial counsel "failed to object" to the sufficiency of the evidence regarding the charge of robbery of Lawrence Green. Fed. Pet. at 13-14. In support of his claim petitioner explains that the evidence was insufficient to convict him of robbery of Green because Green did not know the combination of the safe, the assailant did not take any "funds or mechandize" [sic] from Green, and Green never had any possessory rights in the safe from which the assailant took the money. Id. Therefore, petitioner argues his counsel should have made some argument to the trial court regarding the sufficiency of the evidence. Id. When petitioner raised this claim in his state habeas petition, the circuit court dismissed it, explaining:

> [A] review of the trial record establishes that defense counsel adequately challenged the sufficiency of the evidence on the charges relating to Hartsell and Lawrence Green. Further, counsel was not constitutionally obligated to challenge Green's conviction on the ground that he had not had any possessory rights to the cash taken from the restaurant safe. To the contrary the evidence proved that [petitioner] robbed both Green and Hartsell.

R. No. 10-460 at 3.

Review of the record confirms that defense counsel challenged the sufficiency of the evidence underlying the charge relating to Green on at least two occasions. First, defense counsel argued in a motion to strike that the handling of the physical evidence collected from the scene after the robbery of Hartsell and Green raised considerable doubt as to the validity of the evidence. Trial Tr. at 158-59, Nov. 20, 2007. Additionally, during closing arguments defense counsel challenged the credibility of the evidence underlying the charges relating to the robbery of Hartsell and Green. Id. at 287-293.

11

Moreover, petitioner's argument that trial counsel should have either "object[ed]" to or made an argument regarding the sufficiency of the evidence must fail under the deferential standard enunciated in Strickland v. Washington. 466 U.S. 668 (1984). In Strickland, the Supreme Court advised that "judicial scrutiny of counsel's performance must be highly deferential" and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Accordingly, strategic choices which are made after thorough investigation, including which arguments to raise and what objections to make, are "virtually unchallengeable." Id. at 690. Under this deferential standard it cannot be said that counsel's failure to object or raise additional arguments regarding the sufficiency of the evidence underlying the robbery charge against Green was outside the wide range of reasonable professional assistance. See, e.g., Engle v. Isaac, 456 U.S. 107, 134 (1983) ("[T]he Constitution does not insure that defense counsel will recognize and raise every conceivable constitutional claim."); Humphries v. Ozmint, 397 F.3d 206, 234 (4th Cir. 2005) (failing to object "for tactical reasons can constitute objectively reasonable trial strategy under Strickland"); Arnold v. Evatt, 113 F.3d 1325 (4th Cir. 1997) (failure to object at trial to evidence discrediting a witness' testimony could reasonably have been part of a trial strategy). Therefore, the state habeas court's determination was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Therefore, this Court must defer to the state court's conclusion and claim (4) must be dismissed from this petition. Williams v. Taylor, 529 U.S. at 412-13.

E. Claim 5:

In his fifth claim, petitioner argues that trial counsel was ineffective because he allegedly

12

ignored petitioner's instruction to raise a speedy trial objection. Fed. Pet. at 15-16. Specifically,

petitioner alleges that on August 7, 2006, he directed his trial attorney to assert his speedy trial

rights, but counsel "arbitrarily" failed to do so. Id. Additionally, on April 4, 2007, defense

counsel agreed to the Commonwealth's request for a continuance despite petitioner's alleged

request to the contrary. Id. When petitioner raised this claim during his state habeas proceeding

the circuit court rejected it, explaining:

> [T]he record shows that trial counsel had no basis for raising any
> statutory speedy trial objection. Moreover, defense counsel acted
> reasonably in seeking the various continuances, and it was counsel's
> decision, not petitioner's to make. See New York v. Hill, 528 U.S.
> 110 (2000); Taylor v. Illinois, 484 U.S. 400 (1988). Additionally,
> as recited in the affidavit of defense counsel (which affidavit the
> Court finds is credible), petitioner discussed those continuances
> with his attorney before trial and agreed that all such continuances
> were in his interest.

R. No. 10-460 at 1-2.

Review of the record establishes that the state habeas court's decision was reasonable.

First, at the time petitioner alleges he first directed his attorney to assert his statutory speedy trial

rights, such rights had not yet attached because petitioner was not directly indicted until December

4, 2006. Commonwealth's Mot. to Dismiss at 2-3; see also Respt.'s Mot. to Dismiss at 19, ECF

No. 11. More important, petitioner's trial counsel's affidavit establishes that "all of the

continuances in this case . . . were thoroughly discussed with the petitioner and agreed to by him."

Wray Aff. Ex. 1 at 1, ECF No. 11; see also Respt.'s Motion to Dismiss at 20-23. Additionally,

trial counsel attested that there was a "reason in each instance for our motions and joint motions

with the Commonwealth for continuance(s)" and "petitioner's allegation that counsel would not

allow him in the courtroom to object to a continuance is untrue as he never objected to the

continuance nor indicated any desire to enter the courtroom." Wray Aff. Ex. 1 at 1, ECF No. 11;

see also Respt.'s Motion to Dismiss at 20-23. The state habeas court found this affidavit credible,

and such a finding of fact is "presumed to be correct" on federal habeas review. 28 U.S.C. §

2254(e)(2). Accordingly, based on the record before this court, the state habeas court's

determination was not contrary to, or an unreasonable application of law, nor was it based on an

unreasonable determination of the facts. Therefore, this Court must defer to the state court's

conclusion and claim (5) must be dismissed from this petition. Williams v. Taylor, 529 U.S 362,

412-13 (2000).

   F.  Claim 6:

        In his final claim, petitioner argues that trial counsel rendered ineffective assistance

because he failed to object to the sufficiency of the evidence underlying the abduction charges on

the ground that the restraint used during the abductions was inherent in the accompanying

robberies. Petitioner's argument relies on a Virginia Supreme Court case which held that the

statutory definition of abduction does not encompass "the kind of restraint which is an intrinsic

element of crimes such as rape, robbery, and assault. . . ." Brown v. Commonwealth, 230 Va.

310, 314 (1985). Rather, for abduction to be punishable as a separate offense, the detention must

be "separate and apart from, and not merely incidental to, the restraint employed in the

commission of another crime." Id. When petitioner raised this claim in his state habeas

proceeding it was rejected on the following basis:

> [T]he Court likewise dismisses allegation (f) under both prongs of
> the Strickland test. The record shows that the abductions
> committed in connection with the various robberies by petitioner
> were not merely incidental to the restraint employed in those
> robberies. Thus, trial counsel had no basis for challenging the
> abduction convictions as inherent within the robberies. Certainly,

14

> trial counsel's judgment that he could not successfully challenge
> that abduction convictions was not unreasonable under the highly
> deferential standard of review mandated in <u>Strickland</u>.

R. No. 10-460 at 3.

Again, review of the record confirms the reasonableness of the state court's decision. During each robbery, petitioner used some form of restraint that was "separate and apart from" the robbery. For example, during the first robbery petitioner ordered the victim to lie on the ground and he tied her ankles and wrists. Trial Tr. at 60, Nov. 19, 2007. During the second robbery, petitioner abducted Hartsell by placing a gun against Hartsell's back and escorting Hartsell to the safe inside the restaurant and then tied Hartsell's hands behind his back. <u>Id.</u> at 151, 155. In the final robbery, petitioner abducted both Hartsell and Green by escorting them to the safe inside the restaurant and telling them to lie on their stomachs while he tied them up. <u>Id.</u> at 230.

Additionally, as previously discussed, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984). In this case, petitioner's trial counsel attests that he believed that "petitioner's arguments on abduction [were] not supported by law." Wray Aff. Ex. 1 at 1, ECF No. 11. The state court found this affidavit credible, and such a finding of fact is "presumed to be correct" on federal habeas review. 28 U.S.C. § 2254(e). Based on this record, it was within "the wide range of reasonable professional assistance" for petitioner's trial counsel to refrain from challenging the abduction charges on the basis that the restraint was inherent in the robbery. Thus, the state court's determination was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts.[2] Therefore, this Court

---

[2] To the extent petitioner challenges the state court's determination that the level of restraint was

15

must defer to the state court's conclusion and claim (6) must be dismissed from this petition

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed.  An appropriate Order shall issue.

Entered this __19th__ day of __June__ 2012.


                                              /s/
                                     Claude M. Hilton
                                     United States District Judge



Alexandria, Virginia

---

sufficient to support a separate abduction conviction and sentence, such a claim is not cognizable on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas corpus lies only to remedy federal constitutional errors and not alleged state errors of law).